UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x

UNITED STATES,                                  :
                                                :
                          Plaintiff,            :
                                                :    **MEMORANDUM &**
          -against-                             :    **DECISION ON**
                                                :    **MOTIONS *IN LIMINE***
MOETIES BROWN,                                  :
                                                :    3:25-CR-81 (VDO)
                          Defendant.            :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Defendant Moeties Brown is charged in a three-count superseding indictment (the "Indictment") with possessing with the intent to distribute fentanyl (Count One), possessing firearms in furtherance of a drug-trafficking offense (Count Two), and illegally possessing firearms and ammunition as a convicted felon (Count Three), all on November 20, 2024.[1]

Before the Court are the Government's motions *in limine*: (1) seeking to permit impeachment with Mr. Brown's prior convictions if he testifies at trial, (2) seeking to sequester witnesses except for Mr. Brown and the Government's case agent, (3) seeking to preclude testimony and argument about the lawfulness of the search of Mr. Brown's person, residence, apartment building, and the relevant vehicle, and (4) seeking to permit opening statements.[2]

Also before the Court are Mr. Brown's motions *in limine*: (1) seeking to prohibit the Government from introducing any unindicted or separately indicted "co-conspirator" statements against him, (2) seeking to exclude copies of the indictment from being provided to the jury, (3) seeking to bar the Government from offering at trial testimonial hearsay where

---

[1] ECF No. 50.

[2] ECF Nos. 66, 67, 68, 69.

the declarant does not testify at trial, (4) seeking to exclude any evidence disclosing defendant's prior convictions, pending charges or outstanding warrants, and (5) seeking to bar law enforcement witnesses from offering lay opinions about the defendant, his co-conspirators, or opinion as to the meaning of evidence and to require them to limit evidence to facts within their personal knowledge based only upon personal observations and properly admitted evidence collection.[3]

The Court rules on the motions *in limine* below.

I.    **DISCUSSION**

A.    **Government's Motion *in Limine* at ECF No. 66**

The Government's motion *in limine* to permit the Government to impeach Mr. Brown with his previous felony convictions if he testifies at trial is **GRANTED IN PART AND DENIED IN PART**, Federal Rule of Evidence 609(a).

The Government seeks to admit evidence of Mr. Brown's criminal convictions if he testifies at trial, including: (1) a 2022 conviction for the sale of a controlled substance, in violation of Connecticut General Statute § 21a-278(b); (2) five robbery convictions from April 2017, in violation of Connecticut General Statute § 53a-134(a)(4); and (3) two convictions for carrying a pistol without a permit from April 2017, in violation of Connecticut General Statute § 29-35(a), if Defendant testifies in a manner inconsistent with these gun possession convictions.

Subject to certain parameters, a party may attack a witness's character for truthfulness by evidence of a criminal conviction under Federal Rule of Evidence 609, which reads: "for a

---

[3] ECF Nos. 70, 71, 72, 73, 74.

crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence … must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1). Rule 609 "contemplates that district courts will admit evidence of the nature of a witness's prior felony convictions, including the statutory name of the offense, the date of conviction, and the sentence imposed, subject to Rule 403." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005).[4] "To admit evidence of a past conviction not related to a dishonest act, a court must balance the probative value against the prejudicial effect by considering (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *United States v. Stanley*, No. 23-CR-27-2 (VAB), 2025 WL 2165001, at *16 (D. Conn. July 30, 2025) (cleaned up).[5]

In weighing the relevant factors, the Court concludes that Mr. Brown's previous convictions, save the convictions for carrying a pistol without a permit, may be used for impeachment subject to certain parameters.

The first factor weighs in favor of admission of the robbery convictions but against admission of the remaining convictions. There is indeed a presumption that "all felonies are at

---

[4] Fed. R. Evid. 403 requires exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[5] Some courts treat the fourth factor as comprising two distinct considerations and thus treat these considerations as two separate factors: (a) the importance of the defendant's testimony and (b) the centrality of the credibility issue. *See, e.g., United States v. Thomas*, 214 F. Supp. 3d 187, 195 (E.D.N.Y. 2016) (cleaned up). The Court does not find a meaningful distinction between these considerations in this case and therefore analyzes them as a single factor.

least somewhat probative of a witness's propensity to testify truthfully." *Estrada*, 430 F.3d at 617. That presumption, however, carries varying weight depending on the nature of the underlying offenses. Not all felonies are "equally probative of credibility." *Id.* Here, as to impeachment value, Mr. Brown's previous convictions for sale of a controlled substance and carrying a pistol without a permit are not particularly probative of credibility because they do not involve crimes of stealth or bear much light on the propensity to tell the truth. *Anderson v. Scanlon*, No. 14-CV-829 (VAB), 2017 WL 3974994, at *3 (D. Conn. Sept. 8, 2017) (finding "assault, possession of narcotics, carrying a pistol without a permit, and violation of probation—do not have significant impeachment value"). Thus, the first factor counsels against admitting these convictions.

However, Mr. Brown's previous robbery convictions weigh on his veracity. "Robbery…involve[s] theft and is a serious crime that shows conscious disregard for the rights of others. Such conduct reflects more strongly on credibility than, say, crimes of impulse, or simple narcotics or weapons possession." *United States v. Lipscomb,* 702 F.2d 1049, 1070-71 (1983); *see also United States v. Moore*, 917 F.2d 215, 235 (6th Cir. 1990) (armed robbery conviction had impeachment value); *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995) (although not admissible under Fed. R. Evid. 609(a)(2), robbery convictions are probative of veracity). Accordingly, the first factor weighs in favor of admission of Mr. Brown's robbery convictions.

The second factor—temporal remoteness of the prior conviction—weighs slightly in favor of admission the 2022 conviction, as it is relatively recent. *See, e.g., Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011) (finding "remoteness" factor favored admitting six-year-old conviction). However, the factor weighs against admission of the 2017

4

convictions for gun possession and robbery, which have now taken place almost nine years ago. *See Twitty v. Ashcroft*, No. 3:04-CV-410 (DFM), 2010 WL 1677757, at *2 (D. Conn. Apr. 23, 2010) (noting that "the probative value of a conviction decreases as its age increases") (cleaned up); *see also Orr v. Shea*, No. 3:17-CV-00788 (VAB), 2021 WL 1946381, at *9 (D. Conn. May 14, 2021) (noting the same in a case where convictions took place over ten years prior).

The third factor—similarity of past crimes and conduct at issue—weighs against admission of Mr. Brown's convictions because the involvement of firearms and drugs in both the instant conduct and the previous convictions make it more likely that a jury would improperly draw an inference based on propensity, which would unduly prejudice Mr. Brown. Additionally, the factor weighs particularly against the admission of the convictions for sale of controlled substances and gun possession, as those are the exact types of crimes Mr. Brown has been charged with in the instant case.

The last factor weighs in favor of admission of all convictions because Mr. Brown's credibility will be a central issue with regard to the charges against him in the instant case. If Mr. Brown were to testify, the court can only presume that he would deny the evidence offered by the Government in its case-in-chief and offer a radically different version of events than those offered by the Government's witnesses. *United States v. Pagan,* 721 F.2d 24, 31 (2d Cir. 1983) ("The resolution of the credibility of these two witnesses and their radically different testimony was the central task of the jury"). Additionally, credibility is important in this case because though the Government's investigation yielded evidence such as drugs and guns, it is likely that Mr. Brown will raise questions about who owned those drugs and guns, since they

5

were discovered in an apartment and car that multiple people may have had access to. Accordingly, this factor weighs in favor of admission of all of Mr. Brown's past convictions.

To summarize, the Rule 609 factors yield different results for each category of conviction. As to the 2022 conviction for sale of a controlled substance, the first and third factors weigh against admission, while the second and fourth factors weigh in favor. As to the 2017 robbery convictions, the first and fourth factors weigh in favor of admission, while the second and third factor weigh against. Finally, as to the 2017 convictions for carrying a pistol without a permit, the first, second, and third factors weigh against admission, while the fourth weighs in favor.

Thus, the Court holds that as it relates to his robbery convictions, should Mr. Brown choose to testify, the general name of the convictions, their date, and the sentence imposed may be offered as evidence. Although the convictions are somewhat remote, their substantial impeachment value and the centrality of Mr. Brown's credibility in this case outweigh the attendant risk of unfair prejudice. In particular, the robbery convictions bear directly on veracity and reflect a conscious disregard for the rights of others, which is probative of credibility. Moreover, because the jury's assessment of competing accounts will likely turn on credibility determinations, the probative value of these convictions is not substantially outweighed by their prejudicial effect. To mitigate potential prejudice under the third factor, the Government shall not reference the specific statute underlying Mr. Brown's robbery convictions and may refer only to "robbery convictions." This limitation will also discourage jurors from independently researching the statute and learning that it involves the use of a firearm. *See United States v. White*, No. 08-CR-682, 2009 WL 4730234 at *4 (E.D.N.Y. 2009) (in case of felon-in-possession of a firearm, allowing cross-examination of defendant about

6

prior robbery conviction as long as no mention was made of use of firearm because robbery showed dishonesty).

As it relates to his conviction for sale of a controlled substance, should Mr. Brown choose to testify, the Government may introduce the fact of the conviction, its date, and the sentence imposed under Rule 609(a) to impeach Mr. Brown's credibility during cross-examination. "In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense." *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (cleaned up and collecting cases). Considering the low probative value of the evidence of this conviction, as opposed to the very high risk for prejudice presented by such evidence given its similarity to the charges here, the court is reluctant to permit the Government to introduce all of the details of that conviction, including the crime's statutory name and any other details of the underlying offense. On the other hand, the court acknowledges that, if Mr. Brown testifies, his credibility will certainly be a central issue in the instant case. Thus, the Government should be allowed to introduce evidence of Mr. Brown's prior felony conviction. The Court, however, precludes the Government from introducing evidence regarding the statutory name or any other details of the offense underlying the conviction because the probative value of such evidence is far outweighed by the potential for unfair prejudice. *See Estrada,* 430 F.3d at 616. If Mr. Brown opens the door, such as by testifying about his familiarity with drugs or guns, the Government must address at sidebar whether the Court should revisit this ruling as it relates to omitting the offense name.

Finally, Mr. Brown's prior convictions for gun possession are not admissible. These convictions have minimal impeachment value, are relatively remote, and are highly similar to

the conduct charged in this case, creating a significant risk that the jury would draw an impermissible propensity inference. Although Mr. Brown's credibility would be important if he testifies, that consideration alone does not overcome the substantial danger of unfair prejudice. Accordingly, the probative value of these convictions is substantially outweighed by their prejudicial effect, and they are inadmissible under Rule 609(a). If, however, Mr. Brown opens the door—for example, by testifying that he has never possessed a firearm or is unfamiliar with guns or otherwise testifying in a manner inconsistent with these convictions— the Government may request at sidebar that the Court revisit this ruling before introducing such evidence.

### B.    Government's Motion *in Limine* at ECF No. 67

The Government's motion *in limine* to exempt the defendant and the case agent from witness sequestration is **GRANTED** under Fed R. Evid. 615(b). *United States v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) (finding that the district court has discretion to exempt the government's chief investigative agent from sequestration).

### C.    Government's Motion *in Limine* at ECF No. 68

The Government's motion *in limine* to preclude testimony and argument about the lawfulness of the search of the defendant's person, residence, apartment building, and the relevant vehicle is **GRANTED**, as any probative value is substantially outweighed by the risk of undue prejudice under Fed. R. Evid. 403. As illustrated by the Court's order denying Mr. Brown's motion to suppress evidence, this issue has been litigated and decided.[6] Therefore, Mr. Brown is prohibited from introducing or attempting to introduce any testimony or

---

[6] ECF No. 111.

argument regarding the alleged unlawfulness of the search at issue. *See United States v. Lights*, No. 15-CR-721, 2016 WL 7098633, at *1–2 (S.D.N.Y. Dec. 5, 2016) ("The stop and subsequent searches were all based on valid probable cause. This issue has been litigated and decided. No reference to the illegality of the stop or subsequent searches will be permitted at trial.").

### D. Government's Motion *in Limine* at ECF No. 69

The Government's motion *in limine* seeking permission for the parties to make opening statements is **DENIED**. D. Conn. L. Cr. R. 57. ("The presiding judge shall determine in his or her discretion whether or not to allow opening statements."). The parties should instead confer on a statement of the case to be read to the jury.

### E. Brown's Motion *in Limine* at ECF No. 70

Mr. Brown's motion *in limine* to prohibit the Government from introducing any unindicted or separately indicted "co-conspirator" statements against him is **DENIED WITHOUT PREJUDICE.** "To admit a statement under the coconspirator exception to the hearsay definition, a district court must find two factors by a preponderance of the evidence: first, that a conspiracy existed that included the defendant and the declarant; and second, that the statement was made during the course of and in furtherance of that conspiracy." *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999); *see also* Fed. R. Evid. 801(d)(2)(E). "[A] co-conspirator's statement is admissible if it was made pursuant to any conspiracy, whether charged or uncharged." *United States v. Wedd*, 993 F.3d 104, 117 n.6 (2d Cir. 2021). But considering that Mr. Brown neither identified any declarants from whom such alleged statements would be offered nor identify what statements must be precluded, the Court will reserve decision until the Government presents an offer of proof to the Court to demonstrate

any proffered statements falls within Rule 801, as requested in Mr. Brown's motion. *Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 185 (D. Conn. 2022) ("The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context.").

### F. Brown's Motion *in Limine* at ECF No. 71

Mr. Brown's motion *in limine* to exclude copies of the Indictment from being provided to the jury is **DENIED AS MOOT**, as the Government does not intend to offer the Indictment as an exhibit at trial. Instead, the Court will read the charges from the Indictment to the jury.

### G. Brown's Motion *in Limine* at ECF No. 72

Mr. Brown's motion *in limine* to exclude hearsay is **DENIED WITHOUT PREJUDICE.** Considering that Mr. Brown neither identified any declarants from whom such alleged hearsay would be offered nor identify what statements must be precluded, the Court will reserve decision until Mr. Brown objects during trial. *Bryant*, 585 F. Supp. 3d at 185.

### H. Brown's Motion *in Limine* at ECF No. 73

Mr. Brown's motion *in limine* to preclude any evidence in the Government's case in chief of his "prior convictions, pending charges or outstanding warrants" is **GRANTED IN PART AND DENIED IN PART,** for the same reasons as the Government's Motion *in Limine* at ECF No. 66. Should Mr. Brown not testify at trial, no evidence of his past felony convictions may come in, save the parties' stipulation of his status as a felon. Should Mr. Brown choose to testify, the Government may enter into evidence information about his robbery convictions, and the fact of his conviction for the sale of controlled substances (but not the name of the offense). This ruling is subject to the same limitations as the Court's ruling on ECF No. 66. *See* Section I.A, *supra.* Regardless of whether Mr. Brown testifies, no other evidence of his

"prior convictions, pending charges or outstanding warrants" may be admitted without further ruling of this Court.

### I.    Brown's Motion *in Limine* at ECF No. 74

Mr. Brown's motion *in limine* is **GRANTED** to the extent that it seeks to preclude law enforcement officers from providing expert testimony in the area of general narcotics trafficking without being qualified as an expert by the Court under Fed R. Evid. 702. As to Mr. Brown's request to bar law enforcement witnesses from offering lay opinions about the defendant, his co-conspirators, or opinion as to the meaning of evidence, the Court will reserve decision until Mr. Brown objects at trial under Fed R. Evid. 701. *Bryant*, 585 F. Supp. 3d at 185.

### II.    CONCLUSION

For the reasons set forth above, the Government's motions *in limine* seeking to exempt the defendant and the case agent from witness sequestration (ECF No. 67) and seeking to preclude testimony and argument about the lawfulness of the search of the defendant's person, residence, apartment building, and the relevant vehicle (ECF No. 68) are **GRANTED**. The Government's motion to permit the Government to impeach Mr. Brown with his previous felony convictions if he testifies at trial (ECF No. 66) is **GRANTED IN PART AND DENIED IN PART.** The Government's remaining motion *in limine* regarding opening statements (ECF No. 69) is **DENIED.**

Mr. Brown's motion *in limine* (ECF No. 74) is **GRANTED** to the extent that it seeks to preclude law enforcement officers from providing expert testimony in the area of general narcotics trafficking without being qualified as an expert by the Court under Fed R. Evid. 702. Mr. Brown's motion *in limine* to preclude any evidence in the Government's case in chief of

11

his "prior convictions, pending charges or outstanding warrants" (ECF No. 73) is **GRANTED**

**IN PART AND DENIED IN PART.** Mr. Brown's remaining motions *in limine* are **DENIED.**


                                          **SO ORDERED.**
Hartford, Connecticut
April 15, 2026


                              /s/Vernon D. Oliver
                              VERNON D. OLIVER
                              United States District Judge

12