UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x

UNITED STATES,                                      :
                                                    :
                        Plaintiff,                  :
                                                    :       **SECOND**
        -against-                                   :       **MEMORANDUM &**
                                                    :       **DECISION ON**
MOETIES BROWN,                                      :       **MOTIONS *IN LIMINE***
                                                    :
                        Defendant.                  :       3:25-CR-81 (VDO)
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Defendant Moeties Brown is charged in a three-count superseding indictment (the "Indictment") with possessing with the intent to distribute fentanyl (Count One), possessing firearms in furtherance of a drug-trafficking offense (Count Two), and illegally possessing firearms and ammunition as a convicted felon (Count Three), all on November 20, 2024.[1]

Before the Court are the Defendant's latest motions *in limine*: (1) seeking to preclude evidence of an interaction leading up to Mr. Brown's arrest, and (2) seeking to preclude evidence of an unidentified powder.[2]

I.    **DISCUSSION**

      A.    **Defendant's Motion *in Limine* at ECF No. 121**

      The Defendant's motion *in limine* to permit the Defendant to preclude evidence of an interaction leading up to Mr. Brown's arrest is **GRANTED IN PART AND DENIED IN PART**.

---

[1] ECF No. 50.

[2] ECF Nos. 121, 122. The Court previously adjudicated the parties' past motions *in limine* at ECF No. 112.

Defendant moves the Court "to exclude any testimony, argument, or exhibits suggesting that the defendant's act of walking around a corner was 'consistent with' a drug transaction."[3] Defendant also asserts that the "Government should also be precluded from using the discovery of a blue fold on the ground, or the recovery of a syringe from another individual, to imply that a narcotics transaction occurred…."[4] The Government responds that Defendant's objections "go to weight, not admissibility, of the evidence."[5]

At the outset, the Court notes that the Government states, in its response, that "it will not elicit testimony from any fact witness that Defendant's conduct was "consistent with a drug transaction."[6] Accordingly, the Defendant's motion is **GRANTED** to the extent it seeks to preclude evidence of the Defendant's act of walking around a corner as "consistent with" a drug transaction. This includes the preclusion of any evidence of the syringe recovered following the relevant incident.

The preclusion of the blue wax fold discovered on the ground following the interaction, however, is a different matter. "As a general matter, all relevant evidence is admissible under the Federal Rules of Evidence unless specifically excluded." *United States v. Perez,* 387 F.3d 201, 209 (2d Cir.2004) (citing Fed. R. Evid. 402). "Relevance under the FRE is a low threshold, easily satisfied." *United States v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it

---

[3] ECF No. 121 at 1.

[4] *Id.*

[5] ECF No. 127 at 1.

[6] *Id.*

would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Evidence tending to show that the Defendant distributed drugs on the date charged in the Indictment is direct, relevant evidence of the crime charged in the Indictment and, specifically, the Defendant's intent to distribute drugs. *See United States v. Teague*, 93 F.3d 81, 82–84 (2d Cir. 1996) (explaining that prior sales were admissible as direct evidence of possession with the intent to distribute and as Rule 404(b) evidence to show the "proper purpose[s]" of "state of mind, such as intent and knowledge"). Given that drug distribution is evidence of both intent to distribute and the charged crime of possession, any evidence in this case that tends to prove distribution satisfies Rule 401's "very low standard," is material to a fact of consequence, and is relevant. *See* Fed. R. Evid. 401; *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012).

Evidence illustrating the circumstances surrounding the blue wax fold near Defendant's residence, such as witness testimony and pictures of the fold, is relevant. The discovery of the blue wax fold in the location of the interaction, and the later discovery of multiple "identical" blue wax folds in a large garbage bag found outside the back door of the Defendant's residence, is probative of whether the Defendant possessed narcotics with the intent to distribute them. This evidence therefore satisfies Rule 401's low threshold for relevance. Moreover, the Court cannot conclude at this stage that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury under Rule 403. *See* Fed. R. Evid. 403.

Accordingly, the Defendant's motion is **DENIED** as to the introduction of the blue wax fold. The Government is permitted to "(a) ask officers about what they saw and learned (the

3

Defendant getting out of the car that contained fentanyl, the Defendant walking around the corner, the Defendant meeting with a person very briefly, the Defendant having cash on him when stopped by police, finding a blue wax fold on the ground near the transaction, and, among other things, finding identical blue wax folds during the search around the Defendant's residence); and (b) show jurors the actual evidence and pictures of, among other things, the blue wax fold found on the ground [and] the actual blue wax folds found during the officers' later search…."[7]

Any argument concerning the lapse of time between the observed interaction and the recovery of the blue wax fold goes to the weight of the evidence, not its admissibility. The possibility that the blue wax fold was recovered sometime after the interaction may be explored through cross-examination and competing argument before the jury, but it does not render the evidence irrelevant under Rule 401 or inadmissible under Rule 403.

The Government's use of this evidence shall be limited to the theory of relevance articulated in its briefing and permitted by this Order. To the extent the Government believes that subsequent developments at trial have opened the door to additional testimony or argument concerning the interaction, the Government shall first request to be heard outside the presence of the jury before introducing such evidence or argument.

**B.      Defendant's Motion *in Limine* at ECF No. 122**

The Defendant's motion *in limine* to permit the Defendant to preclude evidence of an unidentified powder is **DENIED**.

---

[7] ECF No. 127 at 9.

4

Defendant moves "to preclude the admission of any evidence regarding the white powder found in the defendant's refrigerator" because it is not relevant.[8]

As the Court has already noted, "[r]elevance under the FRE is a low threshold, easily satisfied." *United States v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019). Courts have consistently ruled that objections as to lack of basis for categorizing a substance as a "cutting agent" go to weight and not admissibility, *see United States v. Taylor*, 23-cr-62 (OAW), 2025 WL 243391 at *3 (D. Conn Jan. 20, 2025), and that evidence of cutting agents is admissible in narcotics trafficking cases, *see United States v. Willis*, 14 F.4th 170, 184 (2d Cir. 2021) (evidence of cutting agents admissible); *United States v. Swinton*, 19-cr-65 (JAM), 2022 WL 3053767 at *1 (D. Conn. Aug. 3, 2022) (same); *United States v. Reddick*, 284 F. Supp. 3d 159, 162 (D. Conn. 2018) (same).

The Honorable Omar A. Williams recently rejected a near identical argument where the defendant objected to the United States' introduction of "white bindings items" arguing the evidence "would confuse the jury because there [was] no chemical analysis confirming it [was] a binding agent." *Taylor*, 2025 WL 243391 at *3. Judge Williams held that the arguments set forth by defense counsel "may be raised through cross-examination and closing arguments in challenging the weight of the evidence," but that the evidence was admissible under Rule 404 as "highly probative of [the defendant's] knowledge and intent. *Id.* (cleaned up).

Here, the unidentified white powder was recovered alongside other evidence the Government contends is indicative of narcotics trafficking, including digital scales, packaging

---

[8] ECF No. 122 at 1.

materials, bulk fentanyl, and loaded firearms. The Government does not intend to represent that the substance itself was a controlled substance and, in fact, the parties anticipate stipulating that DEA testing revealed no controlled substances within the powder. Rather, the Government seeks to introduce the evidence as circumstantial evidence of narcotics distribution activity through both fact testimony and expert testimony regarding common drug-trafficking practices and the use of cutting agents or diluents. Under these circumstances, the Court concludes that the evidence is relevant to the Defendant's alleged intent to distribute narcotics and satisfies Rule 401's "low threshold" for admissibility. *See Gramins*, 939 F.3d at 450.

To the extent Defendant argues there is an insufficient evidentiary basis to characterize the substance as a cutting agent, that objection goes to the weight of the evidence, not its admissibility. Defendant remains free to challenge through cross-examination, competing evidence, and closing argument whether the unidentified powder was in fact related to narcotics trafficking and whether the jury should draw the inferences urged by the Government. But the Court cannot conclude that the evidence is so lacking in probative value, or so unfairly prejudicial, as to warrant exclusion under Rule 403. Accordingly, the Defendant's motion to preclude evidence relating to the unidentified white powder is **DENIED.**

## II.    CONCLUSION

For the reasons set forth above, Mr. Brown's motion *in limine* (ECF No. 121) to preclude any evidence of an interaction leading up to his arrest is **GRANTED IN PART AND DENIED IN PART**. Mr. Brown's motion *in limine* (ECF No. 122) to preclude any evidence in the Government's case in chief of an "unidentified powder" is **DENIED.**

6

**SO ORDERED.**

Hartford, Connecticut
May 13, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge